IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:08cv133-1-V
5:08cv36-1-V
5:06cr1-V

| | |
|---|---|
| DARWIN LEWIS TURNER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court upon Petitioner's Motion Pursuant to Rule 60(b)(a)(4)(5)(6) (Doc. No. 4), filed October 14, 2008.

**PROCEDURAL HISTORY**

On May 8, 2008, Petitioner filed a Motion to Vacate. (Doc. No. 1.) In his Motion to Vacate Petitioner alleged that he received ineffective assistance of counsel because, among other things, his counsel failed to challenge the three criminal history points Petitioner received for a 1985 aggravated assault conviction. On June 5, 2008, after conducting an initial review, this Court dismissed Petitioner's Motion to Vacate. (Doc. No. 2.)

In his present Rule 60(b) Motion, Petitioner argues that this Court incorrectly asserted in its denial of his Motion to Vacate that his criminal history points had been correctly calculated. More specifically, Petitioner argues that he should not have received three criminal history points for his 1985 aggravated assault conviction because he was convicted for that crime over fifteen

years ago.[1]

In <u>United States v. Winestock</u>, 340 F.3d 200 (4th Cir.2003), the United States Court of Appeals for the Fourth Circuit held that "district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" <u>Id.</u> at 206. The Fourth Circuit went on to state that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application. <u>Id.</u> at 207. In contrast, a motion to reconsider which seeks to remedy some defect in the collateral review process is generally a proper motion to reconsider. Here, Petitioner is arguing that this Court incorrectly applied the law. Such an argument is not based upon a defect in the collateral review process and thus Petitioner's motion is most properly construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. <u>See also</u> <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 532 (2005).

However, under the Antiterrorism and Effective Death Penalty Act (AEDPA), "a second or successive motion must be certified . . . by a panel of the appropriate court of appeals. . ." 28 U.S.C. § 2255 (1997). Therefore, because this is Petitioner's second motion to vacate, set aside, or correct sentence, he must first certify his claim with the United States Court of Appeals for the Fourth Circuit.

---

[1] Section 4A1.2(e)(1) of the United States Sentencing Guidelines sets forth that "any prior sentence of imprisonment exceeding one year and a month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen year period" should be counted towards a defendant's criminal history. The conspiracy at issue spanned from January 2001 to October 2005.

**THEREFORE, IT IS HEREBY ORDERED that:**

1. The Clerk is directed to treat this motion (Doc. No. 4) as motion to vacate, set aside, or correct sentence and file a copy of this Order within the civil case number assigned; and

2. Petitioner's Motion Pursuant to Rule 60(b)(a)(4)(5)(6), which this Court has construed as a Motion to Vacate, Set Aside, or Correct Sentence, is **DISMISSED without prejudice** as successive.

Signed: November 7, 2008

Richard L. Voorhees
United States District Judge